**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**DR. WESLEY MCFARLAND and**
**ROSEMARY MCFARLAND, et al.**

**VS.** **Civil Action No. 1:06cv466 LTS-RHW**

**STATE FARM FIRE AND CASUALTY**
**COMPANY, et al.**

**REBUTTAL MEMORANDUM OF NONPARTY RIMKUS CONSULTING GROUP, INC., TO PLAINTIFFS' RESPONSE IN OPPOSITION TO EMERGENCY MOTION TO QUASH OR FOR PROTECTIVE ORDER**

***ORAL ARGUMENT REQUESTED***

## I. INTRODUCTION

According to Plaintiffs' response to Nonparty Rimkus Consulting Group's motions to quash and motions for protective order, Plaintiffs have already obtained production pursuant to the subpoenas at issue without proper court authority, prior to the return date of the subpoenas, and in defiance of this Court's order mandating no production should occur until the Court could rule on the motions to quash.

Nowhere in their response do Plaintiffs dispute that the documents they seized from the nonparty deponents belong to Rimkus and are confidential. Nor do Plaintiffs assert the relevancy of the documents to the subject matter of the instant lawsuit. Rather, in their response, Plaintiffs seek the Court's blessing of the production of the documents under a twisted theory that the documents are now protected by an attorney-client privilege that Plaintiffs' counsel owns on behalf of the subpoenaed deponents. Under this tortured logic, Plaintiffs now claim they are entitled to withhold the documents from all parties, including the rightful owner, Rimkus.

Plaintiffs seek to rationalize the unjust production on the basis that an "imminent danger" existed (one that remains a mystery despite Plaintiffs' response), which allowed Plaintiffs' counsel, as self-appointed guardians of the common good, to abuse the Court's subpoena power, manipulate witnesses, and seize possession of confidential documents pertaining to hundreds of Mississippi residents' insurance claims. As detailed in this rebuttal, Plaintiffs' response demonstrates unsurpassed hubris that goes far beyond all bounds of legal process.

## II. BACKGROUND FACTS

1. The subject subpoenas were issued on May 25, 2006, by attorney Derek Wyatt in his capacity as an officer of the United States District Court for the Southern District of Mississippi. The subpoenas command the production of documents in Dallas, Texas. Rule 45(a)(2)© provides that the subpoena for the production and inspection of documents and things must be issued "from the court for the district where the production or inspection is to be made." The Subpoenas therefore should have been issued from the Northern District of Texas. As they were not, they are of nil legal effect.

2. Hemphill and Shelton were independent contract engineers who worked for S & B Infrastructure. S & B had contracted with Rimkus Consulting Group, Inc., to provide personnel for storm-related assignments. Rimkus is a forensic engineering firm that provided State Farm and other insurance companies with catastrophic storm damage assessments. The subpoenas demand the production of documents, reports, inspections, and field notes of Hemphill and Shelton, prepared at Rimkus' request and connected with damage to structures caused by Hurricane Katrina. Moreover, each subpoena contained a listing of Mississippi residences for which information was sought. Of significance is that none of the individuals identified in the lists attached to the

subpoenas are Plaintiffs or have any discernable connection to the Plaintiffs' cause of action.

3. The subpoenas had a return date of June 8, 2006. On June 6, 2006, State Farm filed an Emergency Motion to Quash or for Protective Order and Rimkus filed a Motion to Quash and Motion for Protective Order as to Hemphill and a Motion to Quash and Motion for Protective Order as to Shelton. On that same date, this Court entered an Order suspending the production of the documents pursuant to the Subpoenas. The Court's Order states:

> Until such time as the Court has ruled on the motion, the production of documents sought by the subpoenas shall be suspended. ***The responding parties shall not produce documents pursuant to the subpoenas*** pending further order of the Court.

*Order Suspending Production of Documents Pursuant to Subpoena* (Document 12) (emphasis added).

4. On June 22, 2006, Plaintiffs filed responses in opposition to State Farm's and Rimkus' motions to quash. In them, Plaintiffs admit that Hemphill and Shelton produced the documents despite this Court's Order. The record does not reflect and Rimkus does not know on what date Hemphill and Shelton produced the documents to Plaintiffs' counsel. Plaintiffs state that the documents sought are now in possession of their counsel. They further refuse to disclose the substance of the production.

5. Rimkus herein files this rebuttal memorandum in reply to Plaintiffs' responses in opposition to the motions to quash and motions for protection. Rimkus additionally incorporates herein by reference the Rebuttal Memorandum of State Farm in Support of Emergency Motion to Quash or for Protective Order.

## III. ARGUMENT AND AUTHORITIES

6. Noticeably absent from Plaintiffs' response is any attempt to address their obligation to notify Rimkus in the first instance of their intention to obtain Rimkus documents. *See In re Bankers Trust Co.*, 61 F.3d 465, 469 (6th Cir. 1995). Plaintiffs' counsel want to peruse the documents for potential use in other lawsuits, filed and yet to be filed. Hemphill and Shelton told the counsel contacting them that the documents in their possession contained confidential information that they could not disclose. They were assured that since the request was in subpoena form that they could legitimately release those documents. They were not advised, however, that Rimkus had not been served with notice that Rimkus documents were being sought.[1]

7. As set out in its motions to quash and herein below, the documents in the possession of Hemphill and Shelton belong to Rimkus. Consequently Rimkus must be allowed the opportunity to assert the protections afforded. The Plaintiffs therefore should have provided Rimkus with notice it was serving the Subpoenas. *In re Bankers Trust Co.*, 61 F.3d 465, 469 (6th Cir. 1995).

8. As set out in its motions to quash, Rimkus, as a forensic engineering company, is compelled to protect its clients' privileged information under, among other statutes and rules, Section II© of the Code of Ethics for Engineers, which provides:

> Engineers shall not reveal facts, data, or information without the prior consent of the client or employer except as authorized or required by law or this Code.

As one means to comply with these codified protections of confidentiality, Rimkus mandates that engineers performing work on behalf of Rimkus expressly agree to uphold the privacy principles.

---

[1]Plaintiffs coyly state in their response that they will not discuss the factual background of the service of the Subpoenas, because the information is privileged, "[a]s set out in [their counsel's] June 6, 2006, letter to the Honorable Robert H. Walker." Plaintiffs' counsel's *ex parte* contact with the Court violates the principles of our open court system. Plaintiffs should be ordered to reveal the contents of their letter and any other *ex parte* communications they have had with this Court.

Thus, Hemphill and Shelton agreed in writing not to reveal any confidential information belonging to Rimkus. *See* Exhibit A (confidentiality and secrecy agreements signed by Gary B. Hemphill) and Exhibit B (confidentiality and secrecy agreements signed by Norwood Shelton). These Agreements expressly provide that "all plans, drawings, photographs, designs and specifications, calculations, manuals, procedures, correspondence, notes, reports, or other information of any kind, whether in physical or in digital form" relating to the work the engineer performs for S & B Infrastructure Private, Ltd., pursuant to a contract with Rimkus are confidential and remain the property of Rimkus. Accordingly, all documents Hemphill and Shelton turned over to counsel constitute the confidences and private information protected by law and by the engineers' own agreement.

9. Furthermore, as also set out in Rimkus' motions to quash and supported by the Affidavit of Ralph Graham made part of the motions and summarized here, the information addressed by the Subpoenas constitutes proprietary information. Rimkus is entitled to protect its position as a major forensic engineering firm locally, nationally, and internationally, and this is accomplished through Rimkus' protection of its confidential information and trade secrets. Rimkus takes numerous steps to protect its confidential information and trade secrets, which are not easily acquired or duplicated by other entities. The disclosure of the information produced by Hemphill and Shelton may harm Rimkus' competitive position because it allows access by other entities to Rimkus' revenue, pricing, payment, and billing information. Consequently Rimkus is entitled to protection from the disclosure of this information. *U.S. v. Federation of Physicians & Dentists*, 63 F.Supp2d 475, 479 (D.Del. 1999) (financial information of nonparties held by courts to be private and not routinely available for discovery, especially where information could be revealed to business rivals and acts as collateral proof rather than direct proof of plaintiffs' claims).

10. Plaintiffs offer no authority supporting their argument that the motions to quash are moot because Shelton and Hemphill have already produced the documents. They in fact cannot offer any authority, because no authority exists for the proposition. Obviously the issues raised by the motions are still live, because a controversy exists over who can and who cannot disclose the documents. Plaintiffs' argument equally fails because it ignores the reason production from nonparty witnesses must proceed in a legal manner, i.e., with service of subpoena issued from proper court and with production occurring only after the subpoena return date. The illegal production of the documents prior to the return date (and conducted pursuant to a legally void subpoena) deprived Rimkus of the ability to assert its legitimate need to protect the confidential and proprietary information contained in them. That need still exists; thus, the motions are not moot.

11. Rather than address the critical questions of why they did not notify Rimkus of the sought production or why they believe they are entitled to confidential documents that do not appear to be relevant, Plaintiffs assert that the preservation of the draft engineering reports prepared by Hemphill and Shelton are of the "utmost importance" to a criminal investigation being conducted by the Insurance Fraud Unit of the Office of the Mississippi Attorney General and that the documents produced are now, in fact, protected by the attorney-client privilege of Hemphill and Shelton being asserted by the Scruggs Katrina Group.

12. Plaintiffs assert that they are entitled to the documents because they must prevent them "falling into the wrong hands." Plaintiffs attempt to bolster their outrageous claims with the assertion that the Mississippi Attorney General is seeking to compare Rimkus draft engineer reports with those utilized by insurance companies to "deny or in some instances, partially pay various

Katrina hurricane claims." *Plaintiffs' Response*, p.2. This is based on an unauthenticated[2] letter from the Attorney General of the State of Mississippi addressed to a Maurice Scardino. Maurice Scardino is not a Plaintiff to this lawsuit. The letter requests reports received from engineers or adjusters sent on behalf of the addressee's insurance provider. It says nothing about the purpose of the investigation or the request. It further does not grant Plaintiffs or their counsel any authority to seize documents belonging to others for any purposes. Plaintiffs wholly fail to explain how reports concerning hundreds of non-litigant Mississippi residents are material to their own claim or what connection the Mississippi Attorney General's investigation under wholly unrelated auspices has to the Plaintiffs' claims against State Farm in the United States District Court.

13. In a truly torturous twist of federal evidentiary and procedural rules, Plaintiffs further claim that the documents Hemphill and Shelton produced in fact are protected by the attorney-client privilege which has arisen as a result of Hemphill's and Shelton's retaining of "the Scruggs Katrina Group" as counsel. As Plaintiffs are represented by, among other attorneys, the Scruggs Law Firm, it is assumed this is counsel Plaintiffs mean. This assertion is wholly without merit. As a preliminary matter, Plaintiffs' assertion is contradicted by correspondence Rimkus' counsel exchanged with Mr. Zona Jones of Provost Umphrey Law Firm in Beaumont, Texas. *See* Exhibit C. Mr. David Ward, Rimkus' counsel, was contacted by Mr. Jones, and was told by Mr. Jones that he was representing Hemphill and Shelton. Proceeding with that understanding, Mr. Ward sent Mr. Jones several letters regarding Hemphill and Shelton in which Mr. Ward referred to Hemphill and Shelton as "your clients." In one letter, in fact, Mr. Ward said, "To the extent you do not represent

---

[2]Plaintiffs' Exhibit A to their reply fails to conform with Fed.R.Evid. 901 and, as such, should be stricken from the record, and Rimkus herein so moves.

Mr. Shelton in regard to this request, please let me know immediately." In no instance did Mr. Jones ever disavow his representation of the two. Rather, he continued to communicate verbally and in writing on behalf of them. The conflicting evidence of the communications with Mr. Jones signifies that Hemphill and Shelton must establish definitively whether they do in fact assert the privilege and who may rightfully claim it on their behalf.

14. Furthermore, the attorney-client privilege protects only communications between attorney and client made in confidence for the purpose of obtaining legal advice from the lawyer. *U.S. v. El Paso Co.*, 682 F.2d 530, 538 (5th Cir. 1982). Assuming Hemphill and Shelton actually are represented by the same counsel who assert the privilege in the instant controversy, the documents they provided counsel do not constitute privileged communications. Documents do not become cloaked with the lawyer-client privilege merely by the fact of their being passed from client to lawyer. *United States v. Robinson*, 121 F.3d 971, 975 (5th Cir. 1997). Consequently, Plaintiffs can not withhold from Rimkus any documents on the basis of the attorney-client privilege.

## IV. CONCLUSION AND PRAYER

15. The Plaintiffs' actions of issuing void subpoena to nonparty witnesses, seeking documents that are highly confidential, and then seizing the documents sought under the subpoenas and now claiming they are protected from disclosure by attorney-client privilege are unsupported by fact or law and should not be countenanced by this Court. For these reasons, Rimkus prays that this Court grant its Motion to Quash and Motion for Protective Order concerning Gary Hemphill and its Motion to Quash and Motion for Protective Order concerning Norwood Shelton, Jr.; order the Subpoenas served on Hemphill and Shelton quashed; alternatively order protection of Rimkus be granted. Additionally, Rimkus prays that Plaintiffs be ordered to disclose (1) all documents, in

written or electronic form, Hemphill and Shelton produced to them or which they acquired from Hemphill and Shelton through any other means or persons and (2) all communications Hemphill and Shelton had with any persons concerning the documents so produced; and furthermore, any persons who acquired any documents produced from Hemphill and Shelton be ordered to release from their possession all such documents, any copies of such documents, and any compilations or interpretations of any information or data derived therefrom. Rimkus additionally prays for all such other relief to which it is entitled.

Respectfully submitted,

/s/ James C. Simpson, Jr.
JAMES C. SIMPSON, JR.
MONTGOMERY, BARNETT, BROWN, READ, HAMMOND AND MINTZ
Mississippi Bar No. 6810
2310 19th Street
Gulfport, Mississippi 39501
Tel: (228) 863-6534
Fax: (228) 367-1084
Email: jsimpson@monbar.com

DAVID A. WARD, JR.
The Ward Law Firm
Texas State Bar No. 0785177
10003 Woodloch Forest Drive, Suite 100
The Woodlands, Texas 77382
Tel: (281) 362-7728
Fax: (281) 362-7743
Email: ward@dwardlaw.com

**ATTORNEYS FOR NONPARTY RIMKUS CONSULTING GROUP, INC.**

## CERTIFICATE OF SERVICE

I, JAMES C. SIMPSON, JR., one of the attorneys for RIMKUS CONSULTING GROUP, INC., a nonparty to this action, hereby certify that I have this day filed the above and foregoing **REBUTTAL MEMORANDUM OF NONPARTY RIMKUS CONSULTING GROUP, INC., TO PLAINTIFFS' RESPONSE IN OPPOSITION TO EMERGENCY MOTION TO QUASH OR FOR PROTECTIVE ORDER**. in the United States District Court for the Southern District of Mississippi, Southern Division, via the Court's ECF system which served a true copy upon the following via the Court's ECF system:

Richard F. Scruggs
dickscruggs@scruggsfirm.com

David Z. Scruggs
zachscruggs@scruggsfirm.com

Don John W. Barrett
dbarrett@barrettlawoffice.com

John G. Jones
Johnjones@jfsplawfirm.com

**ATTORNEY FOR PLAINTIFFS**

William N. Reed
wreed@bakerdonelson.com

**ATTORNEY FOR STATE FARM**

and I hereby certify that I have this day served via United States mail, with postage fully prepaid a copy of the foregoing document to the following counsel:

John G. Jones
Steven H. Funderburg
T. Stewart Lee, Jr.
JONES, FUNDERBURG, SESSUMS,
PETERSON & LEE
P.O. Box 13960
Jackson, MS 39236-3960

Don Barrett
Marshall Smith
Derek Wyatt

BARRETT LAW OFFICE, P.A.
P.O. Box 987
Lexington, MS 39095

Dewitt M. Lovelace
LOVELACE LAW FIRM, P.A.
36474 Emerald Coast Parkway
Suite 4202
Destin, FL 32541

David H. Nutt
Mary E. McAlister
NUTT & MCALISTER, PLLC
605 Crescent Blvd., Suite 200
Ridgeland, MS 39157

Alfred Z. Butterworth
HESSE & BUTTERWORTH, PLLC
P.O. Drawer 220
Bay St. Louis, MS 39520

**ATTORNEYS FOR PLAINTIFFS**

BUTLER, SNOW, O'MARA, STEVENS & CANNADA, PLLC
17th Floor, AmSouth Plaza
210 East Capitol Street
Jackson, MS 39225-2567
(601) 948-5711
(601) 985-4500 (fax)

BUTLER, SNOW, O'MARA STEVENS & CANNADA, PLLC
1300 25th Avenue, Suite 204
Gulfport, MS 39501

**OF COUNSEL TO DEFENDANT STATE FARM**

WITNESS MY SIGNATURE hereto, this the 29th day of June 2006.

/s/ James C. Simpson, Jr.
JAMES C. SIMPSON, JR.
**ATTORNEY FOR NONPARTY**
**RIMKUS CONSULTING GROUP, INC.**