UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DR. WESLEY McFARLAND, EXECUTOR                                        PLAINTIFF
TO THE ESTATE OF ROSEMARY McFARLAND,
DECEASED

V.                                                    CIVIL ACTION NO. 1:06cv932-LTS-RHW

STATE FARM FIRE & CASUALTY COMPANY                                   DEFENDANT

**ORDER**

On October 12, 2006, this Court entered an [82] order staying a deposition scheduled on October 16, and holding the [79] Motion to Stay in abeyance as to three others. The Court has before it [77] Objections to the October 4 Text Only Order of the United States Magistrate Judge with respect to a [49] Motion for Protective Order filed by Defendant. Also by a Text Only Order, the Magistrate denied Defendant's [66] Motion for Reconsideration.

This Court considers Defendant's objections under the standard set forth in Fed. R. Civ. P. 72(a): any portion of the Magistrate's order shall be modified or set aside if it is found to be clearly erroneous or contrary to law. Defendant seeks to prevent the depositions of four of its employees who allegedly are under some form of criminal investigation arising from conduct which is among the allegations of this civil action. Defendant's position is all-or-nothing: it wishes these four depositions not be held pending resolution of the criminal matter, and offers no other alternative contemplated by Fed. R. Civ. P. 26(c).

The United States Court of Appeals for the Fifth Circuit has observed that "Rule 26(c)'s requirement of a showing of good cause to support the issuance of a protective order indicates that 'the burden is upon the movant to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements.'" *In re: Terra International, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998)(citations omitted). The only materials submitted by Defendant in support of its objections are the affidavits of attorneys representing three of Defendant's employees in matters related to the criminal investigation. Those lawyers indicate that they will advise their clients to invoke their rights under the 5th Amendment. Defense counsel's affidavit also states that he will not be permitted to interview these individuals in advance of their depositions. Otherwise, Defendant's arguments largely fall in the category of conjecture.

The case on which Defendant principally relies, *Wehling v. Columbia Broadcasting System*, 608 F.2d 1084 (5th Cir. 1979), is distinguishable, for there it was held (as described in *Securities and Exchange Commission v. First Financial Group of Texas, Inc.*, 659 F.2d 660, 668

(5th Cir. 1981))

> that the district court erred by failing to stay a civil libel action pending the outcome of a related criminal investigation and potential prosecution or the running of the applicable statute of limitations *after* the plaintiff had *validly* claimed his fifth amendment privilege in response to the defendant's discovery requests and had sought a protective order staying the civil suit.

(Emphasis added).

Wehling was a party to the lawsuit, and was facing its dismissal for asserting his 5th Amendment privilege.

In the instant case, Defendant attempts to postpone the depositions of non-parties who are represented by their own individual counsel prior to any attempt to elicit testimony. It fails to establish that the Magistrate's Orders are clearly erroneous or contrary to law.

Accordingly, **IT IS ORDERED**:

Defendant's [77] Objections to the Order of the United States Magistrate Judge are not well taken and are, therefore, **DENIED**, and the United States Magistrate Judge is hereby **AFFIRMED**. The [82] Order granting Defendant's Motion to Stay Depositions is hereby **LIFTED**, and the depositions may take place as currently noticed or as may be scheduled.

**SO ORDERED** this the 17th day of October, 2006.

s/ *L. T. Senter, Jr.*
L. T. Senter, Jr.
Senior Judge